E-FILED
Thursday, 16 August, 2012 02:22:01 PM
Clerk, U.S. District Court, ILCD

RECEIVED
AUG 16 2012
U.S. MAGISTRATE JUDGE
BYRON G. CUDMORE

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK COLLINS, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JOHN DOES 1-9, | ) ) |
| Defendants | ) ) |

Civil Case No.3:12-cv-03161-RM-BGC

### JOHN DOE's OMNIBUS MOTION TO SEVER DEFENDANTS FOR IMPROPER JOINDER AND TO VACATE THE ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENAS AND TO QUASH THE SUBPOENA

COMES NOW defendant, John Doe ("Defendant"), who hereby files this Omnibus Motion and moves the court to: 1) sever and dismiss the defendants for improper joinder and require that Plantiff re-file the severd cases, if it chooses to do so, pursuant to Federal Rule of Civil Procedure 21, and 2) that the Order dated June 24, 2012 granting Plaintiff, Patrick Collins, Inc. ("Plaintiff") leave to serve third-party subpoena directed at the Internet Service Providers ("ISP"), be vacated, and 3) that the subpoena be quashed. In support, the Defendant relies on the following Memorandum of Law:

**I.   INTRODUCTION**

Plaintiff is improperly utilizing Court's procedures to extort settlements from potentially innocent individuals. The instant case is part of a systemic effort to build a business model based on weak allegations of copyright infringement and questionable use of the legal system to quickly obtain profit through the generation of settlements from defendants cowed by the potential threat of a massive award of statutory damages (if Plaintiff's joint and several theories are to be credibly believed, could allegedly

result in excess of several millions of dollars based solely on weak allegations of what can only be described at best, as *de minimus* acts), attorneys fees, ignorance about defenses, and perhaps most importantly, the stigma which attaches to defendants when identified and associated with illegally downloading pornographic films to coerce quick, and profitable contingency-fee settlements. *See* Michael Roberts, *BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders*, Denver Westword, September16, 2011, http://blogs.westword.com/latestword/2011/09/porn_downloaders bittorrent_lawsuit.php.

As the Honorable Roger Hunt, Chief Judge of the U.S. District Court for the District of Nevada noted, similar plaintiffs "have attempted to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar, with defendants who do not want to incur the costs of defending the lawsuits." *Righthaven LLC v. Democratic Underground, LLC*, No.2:10-cv-01356, Dkt. 94 (D. Nev. Apr. 14, 2011).

In one such demonstration and subsequent repudiation of plaintiffs for profit litigation model, Magistrate Judge Beeler of the U.S. District Court for the Northern District of California, directly rebuked Plaintiff Patrick Collins, Inc., (the same Plaintiff as the instant action) in an identical case involving 188 John Doe defendants stating:

> [t]he court has no confidence that Plaintiff has been diligent in moving to name and serve defendants, despite its (unsworn) claims to the contrary. For example, Plaintiffs counsel states that he has filed ten other copyright cases involving a large number of Doe defendants. ECF No. 17 at 4. The court reviewed the dockets and noted that the plaintiffs in these cases have not filed proof of service for even a single defendant even though a number of defendants have been identified and dismissed after settling with the plaintiffs. *See, e.g., Media Products, Inc. DBA Devil's Film v. Does 1-1257*, Case No. CV 10-04471 RS (complaint filed on October 4, 2010 and no proof of service filed for any defendant as of July 29, 2011, but four Doe defendants have been dismissed after settling). This pattern holds true in this case too. Here, Plaintiff has not identified or served any of the 1,219 Doe Defendants. However, on May 10, 2011, Plaintiff filed a stipulation dismissing with prejudice a Doe Defendant who settled with Plaintiff. ECF No. 13 at 1. And, on August 18, 2011, Plaintiff filed a stipulation dismissing with prejudice more than thirty Doe Defendants who settled. ECF No. at 1-2. The plaintiffs

2

> in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases. And, while the courts favor settlements, "filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *6 (N.D. Cal. Feb. 3, 2011).

Order Dismissing Complaint, *Patrick Collins Inc, V. Does 1-1,219*, Case 4:10-cv-04468-LB, Dkt. 27, at 4 (N.D. Cal. Aug. 29, 2011). Courts have specifically and directly condemned such for-profit copyright litigation models. *See e.g., Righthaven LLC v. Hill*, No. 1:11-CV-00211, Dkt. 16 (D.Colo. Apr. 7, 2011) ("Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability").

These concerns are well summarized in a nearly identical recent case:

> These lawsuits run a common theme: plaintiff own a copyright to a pornographic movie; plantiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plantiff subpoenas the ISPs to obtain the identities of the Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.

Honorable Otis D Wright continues by stating

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is **essentially an extortion scheme**, for a case that plaintiff has no intention of bringing to trial.

*Malibu Media, LLC v. Does 1-10*, No. 2:12-cv-ODW(PJWx) at #7 (C.D. Cal. June 27 2012) (order severing Does 2-10(emphasis added)).

Patrick Collins, Inc. (the plaintiff in this case), is no exception. It has filed similar mass copyright infringement lawsuits against Doe Defendants, seeking settlements from innocent defendants. *See BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders,* (an innocent third-grade teacher who cannot afford to be accused of downloading pornography, lest she be accused of being a

3

pedophile); and George Gombossy, *Grandmother Who Use Computer For Bible Study Sued For Illegally Downloading Porn*, CTWatchdog.com, October 25, 2011, http://ctwatchdog.com/finance/grandmother-who-uses-computer-for-biblestudy-sued-for-illegally-downloading-porn. As of July 2012, Patrick Collins, Inc. had filed 130 similar lawsuits against more than 10,507 individual John Doe Defendants, the majority of which had terminated without Plaintiff filing a proof of service for a single individual defendant.[1] Plaintiff has filed numerous voluntary dismissals with prejudice after settling with various Doe Defendants.

Not only is Plaintiff taking advantage of the courts to exact settlements from Defendants, Plaintiff is abusing the procedural rules, *i.e.*, the Rule 20 joinder rule, to avoid the cost of appropriately filing individual cases. In this case, where Plaintiff has mis-joined all nine (9) putative Defendants would be over $3,000.

In light of the obvious abuse of the judicial system as well as the significant risk of misidentification of potential defendants as discussed below, Doe Defendants 2-9 should be severed from this action and the Order granting leave to serve third-party subpoenas should be vacated and the subpoena should be quashed.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Patrick Collins, Inc., also known as Elegant Angel Productions, is a pornography film production company owned by Patrick Collins, a pornography director. Plaintiff filed its complaint on or about June 14, 2012 alleging that nine (9) "John Does" used the BitTorrent protocol to engage in direct and contributory copyright infringement and direct and contributory trademark infringement. Plaintiff alleges that it had identified the Internet Protocol ("IP") addresses of the nine John Does that employed the BitTorrent protocol to share Plaintiff's copyrighted work, a movie titled "Busty Construction Workers." On or about June 25, 2012, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. Plaintiff sought to serve immediate discovery upon each John Doe

---

[1] This data is based on a PACER search of all federal courts for Patrick Collins as a party defendants, the nine (9) filing fees alone for each of the 9 putative Defendants would be over $3,000

4

Defendants' internet service providers—here, Comcast Cable, Frontier Communications, and Mediacom Communications Corporation—to obtain personal indentifying information regarding the IP addresses. Upon consideration of Plaintiff's unopposed Motion, on or about June 25, 2012, the Court issued an Order permitting Plaintiff to serve Rule 45 subpoenas upon John Doe Defendant's ISPs ("Order"). Subsequently, Plaintiff served Comcast, an ISP, with a subpoena issued from the District Court of New Jersey, which commanded Comcast to produce to Plaintiff at Plaintiff's counsel's office in Bloomfield Hills, Michigan, the personal identifying information (the name, address, and telephone number) of the user associated with the IP address by August 16, 2012 ("Subpoena"). By letter dated July 25, 2012, Comcast provided a copy of the Subpoena and indicated that Comcast would provide the requested information to Plaintiff on the next business day after August 24, 2012 unless Defendants filed a motion to quash or vacate the Subpoena and notified Comcast of filing by no later than ~~March 12,~~ August 24, 2012.

### III.  ARGUMENT

A.  **Plaintiff's Joinder of 9 Unrelated Defendants in this Action Is Improper**

This exact same issue has already been addressed in the district of Eastern Pennsylvania by Judge Timothy J. Savage against the same Plaintiff in *Patrick Collins, Inc. v. John Does 1-35*, Case 2:11-cv-05172, Dkt. 36 (E.D. Pa. December 29, 2011) (Savage, J.) in an Order severing all but one John Doe defendant from the action for improper joinder. John Doe respectfully request that this Court likewise sever all but John Doe #1 from the action for improper joinder of defendants.

1.  **Legal Standard**

Pursuant to FED. R. CIV. P. 20(a)(2), permissive joinder of defendants is proper if:

(A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)  any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). *See also Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010)

5

(Kelly, J.). Permissive joinder is "designed to promote judicial economy and trial convenience." *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011). *See also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (C.A. Mo. 1974) (*citing* 7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972)). Even if FED. R. CIV. P. 20(a)'s requirements are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Hard Drive Prods.*, 809 F. Supp. 2d at 1156. Rule 21 further provides that upon finding misjoinder of parties, upon motion or on its own, a court may, at any time, add or drop a party. (FED. R. CIV. P. 21).

### 2. Plaintiff Has Failed to Meet the Requirements of Rule 20(a) and Doe Defendants 2-9 Should Be Severed From This Action

Joinder is improper because Plaintiff has failed to establish that the claims arise out of the same transaction, occurrence or series of transactions or occurrences, and contain common questions of law or fact. Plaintiff would like this Court to believe that the mere use of BitTorrent Protocol by the individual Defendants is sufficient to sustain their joinder in this action. However, an individual Defendant's alleged use of BitTorrent Protocol does not necessitate the inference that he or she had any interation with any of the 9 Defendants in this case. A nearly identical case recently decided in the Southern District of Florida:

> Under the BitTorrent Protocol, it is not necessary that each of the Does... participated in or contributed to the downloading of each other's copies of the work at issue, or even participated in or contributed to the downloading by any of the {other} Does ... Any "pieces of the work copies or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the coutry or across the world.

6

*Liberty Media Holdings, LLC v. BitTorrent Swarm*, ~F.R.D~, No. 1:11-cv-21567-KMM, 2011 WL 5190106, at *2 (S.D. Fla. Nov. 1, 2011) (quoting *Hard Drive Prods, Inc. v. Does 1-188*, ~F.Supp.2d~, No. C-11-01566, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011)).

The claim that joinder is proper based on Internet file sharing protocols like BitTorrent or other peer-2-peer ("P2P") protocols has been reviewed and almost unanimously rejected by various courts. *See Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701 (W.D. Pa. April 3, 2008) (finding joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence of any evidence showing joint action by defendants, other than their use of the same Internet file sharing network to access copyrighted recordings); *LaFace Records, LLC v. Does 1-38*, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (rejecting joinder based on the claim that defendants used the same ISP and P2P network to allegedly commit copyright infringement); *Diabolic Video Productions, Inc. v. Does 1-2099*, 2011 WL 3100404 (N.D. Cal. May 31, 2011) (holding that the nature of the Internet file sharing protocol, BitTorrent, does not make joinder appropriate where defendants allegedly used Internet file sharing to infringe copyrighted works); *K-Beech, Inc. v. John Does 1-85*, 2011 WL 4915551 (E.D. Va. Oct. 17, 2011) ("mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their videos is insufficient to meet the standards of joinder."); and *Patrick Collins, Inc. v. Does 1-118*, Case 3:10-CV-92-JPB, Dkt. 42 (N.D.W.Va. Dec. 16, 2010).

Despite Plaintiff's claims, based on and according to the great weight of judicial authority, the Doe Defendants did not participate in the same transaction or occurrence, or the same series of transactions or occurrences, as required for joinder; nor, did they act in concert with one another. The mere fact that any of the Doe Defendants may have allegedly clicked on a command to participate in the internet file sharing network does not mean that each, together, was part of the downloading done by hundreds or thousands of individuals. Moreover, even if it were true that all Doe Defendants participated in what Plaintiff describes as a "swarm," it cannot be said that each defendant was physically present at the same day and time. In fact, Plaintiff

7

admits that downloading was done at different times and dates ranging throughout a three-week period from May 3, 2011 to May 24, 2011.

Although the Court, at this stage, holds the opinion that the participation in a single "swarm" sufficiently alleges that they were involved in "a series of transaction" to warrant joinder, there are many technical issues with such allegations. Exibit A to the Complaint only lists single points across a 3 week time span. We do not know if someone was connected to the swarm for 1 minute or for several months. The lack of any defined ranges of time any individual anonymous member was connected to the swar, and if any of these ranges overlap between Defendants is insufficient in alleging the anonymous defendants participated in the same swarm. Plaintiff has also insufficiently provided any data concerning the health of the swarm across any time span. We do not know if the swarm consisted of millions of members or just each individual Defendant sharing files with the Plaintiffs's software. This is a crucial number in both determining the possibility that any 2 anonymous members ever connected to each other and that the swarm has a persistent membership across the range of time the anonymous defendants connected. The membership of a swarm changes constantly as members connect and disconnect and it is not uncommon that the entire membership of the swarm is replaced throughout a day. It is entirely possible that the swarm John Doe #1 (24.13.88.228) connected to on 5-7-2012 consists of an entirely different membership than John Doe #3 (98.212.21.71) on 5-24-2012 and that no connection between John Doe #1 and John Doe #3 could be established given any "series of transactions or occurances".

Plaintiff's allegations that Defendants committed the same type of violation in the same way simply does not equate to participation in the same transaction, occurrence, or series of transaction or occurrences. See LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WK 544992, at *7 (E.D.N.C Feb. 27, 2008). This basis alone is sufficient to warrant the severance of the Defendants.

### 3. Joinder Is Not Appropriate and Doe Defendants 2-9 Should Be Severed From This Action

Even if, *arguendo*, Plaintiff has met the requirements set forth under FED. R. CIV. P. 20(a), the joinder is nevertheless not appropriate and Doe Defendants 2-9 should be severed

8

from this action because the joinder of the Doe Defendants would defeat judicial economy, result in a series of mini-trials, go against notions of fundamental fairness, and ultimately cause prejudice to defendants.

In *Hard Drive Prods., supra*, the court found that permitting joinder was not only impracticable, but would "undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case." *Hard Drive Prods., supra*, 809 F.Supp.2d at 1164 (*citing Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001)). The court also found that:

> . . . permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. *See Coleman*, 232 F.3d at 1296. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing *pro se* and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

*Hard Drive Prods.*, 809 F. Supp. 2d at 1164.

Likewise, in the other mass-copyright infringement case brought by Plaintiff currently pending before Judge Timothy J. Savage, the Court (*citing Hard Drive Prods. v. Does 1-188*) determined that even if plaintiff had met the requirements of Rule 20(a), "it is appropriate to sever and dismiss all but one Doe." In granting severance, the Court found that in spite of the similar conduct allegedly perpetrated by the defendants, different defenses have been presented and are likely to be presented should joinder remain. *Id.* (Savage, J.) (*citing BMG Music v. Does 1-203*, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (Newcomer, J.) (describing a similar scenario where "Comcast subscriber

9

John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Doe 3 through 203 could be thieves, just as Plaintiffs believe.")).

Similarly, in light of the different defenses that are likely to be presented and the substantial prejudice to defendants, the Court should likewise sever the action as to Doe Defendants 2-9.

**B.      Order Granting Permission to Serve Subpoena Should Be Vacated
and the Subpoena Should Be Quashed**

A Rule 45 subpoena must fall within the scope of proper discovery under Federal Rule of Civil Procedure 26(b)(1), which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party in the pending action and is reasonably calculated to lead to the discovery of admissible evidence". Fed. R. C. P. 26(b)(1).  If a subpoena falls outside the scope of permissible discovery, the Court has the authority to quash or modify it upon a timely motion by the party served, or a party challenging the relevancy of, or claiming a privacy interest in, the records sought.  *See* Fed R. Civ. P.45(c)(3).

This Court, in its Order Granting Plantiff;s Motion for Leave to take Discovery Prior to a Rule 26(f) Conference, explicitly recognized Defendants' right to challenge the Subpoena.  The subpoenas issued to the ISPS should be quashed pursuant to Rule 26 of the Federal Rules of Civil Procedure because Defendant: (1) challenges the legal sufficiency and legitimacy regarding Plantiff's request for early discovery that produced the Subpoena, for which Defendant was never given notice or an opportunity to be heard, and (2) claims privacy interest in the records sought.

**1.      Defendant Has Standing to Challenge the Subpoena Because
Defendant Has a Personal Interest in the Subpoenaed Matter**

A defendant has standing to challenge a subpoena issued to a third party when the party has a personal right or privilege in the information sought by the subpoena. *See Kida v. EcoWater Systems LLC*, 2011 WL 1883194, *2 (E.D. Pa. 2011) (Baylson, J.). Here, because the subpoena issued to Comcast seeks personal identifying information, Doe Defendants undoubtedly have a "personal right" in the information sought by the subpoena. Further, once the personal identifying information is turned over by Comcast,

10

Plaintiff, as part of its business-model will quickly seek settlements from any identified Doe Defendants, amounting to thousands of dollars each, with no serious intention of naming any Defendant and litigating the matter on the merits. If an identified Doe Defendant has a personal right sufficient to pay several thousands of dollars under the threat of public exposure and litigation, certainly they would have a personal right sufficient to object prior to that disclosure. Accordingly, John Doe respectfully requests standing to challenge the subpoena.

2. **The Order Granting Leave to Serve Third-Party Subpoena Should Be Vacated**

In addition to the fact that the defendants have been improperly joined, the Order granting leave to serve third-party subpoenas should be vacated because the technology utilized to identify individual defendants for the alleged copyright infringement is unreliable and insufficient to show a volitional act of copyright infringement.[2] More specifically, there is not only software capable of impersonating and/or falsifying an IP address ("spoofing")[3], but such tracing software is unreliable because the software is incapable of detecting MAC addresses. Furthermore, most ISPs do not store MAC address data and they have no ability to detect MAC addresses that have been falsified. Because the technology utilized by Plaintiff to "identify" Doe Defendants is undoubtedly unreliable, Plaintiff is surely incapable of accurately verifying individuals who downloaded copyrighted material, and from where the material is downloaded. Because IP addresses indicated on Plaintiff's subpoenas are unreliable, Plaintiff cannot base its subpoenas on such unreliable information.[4]

Moreover, to prove infringement, a plaintiff must first prove that the defendant copied the protected work (*see Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("the plaintiff must show ownership of the copyright and copying by the defendant")), and that the copying was a result

---

[2] *See* James Temple, *Stelle Hansmeier drops suit against 'porn granny'*, San Francisco Chronicle, Aug. 31, 2011, http://www.sfgate.com/cgibin/article.cgi?f=/c/a/2011/08/31/BUAC1KTB44.DTL.
[3] *See e.g.*, http://Proxy.org/.
[4] A more thorough discussion of BitTorrent technology can be found in Boy Racer, Inc. v. Doe, 2011 WL 3652521 (N.D.Cal.2011).

11

of a volitional act. *See Religious Tech. Ctr v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995). However, Plaintiff's allegations are woefully inadequate and do not, and cannot account for numerous issues, from open wireless networks being illegally invaded, IP address spoofing to human and collection errors. Courts again have touched on this simple yet utterly logical idea: *an IP address is not a Copyright Infringer*. As noted by the Honorable Harold A. Baker, U.S. District Judge from this very court:

> [Plaintiff] ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York).

*VPR Internationale v. Does 1-1017*, Case No. 2:11-cv-02068-HAB, Dkt. 15, at 2 (C.D. Ill April 29, 2011). However, "whether you're guilty or not, 'you look like a suspect.'"

Plaintiff's claims and alleged IP evidence also fail to provide any evidence of liability under a theory of contributory infringement. Specifically, Plaintiff must show "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (*citing Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971)). *See generally Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181 (D.D.C. 2005). Since as a matter of law, an IP address is not a person under any direct infringement analysis, it is simply logical by extension that an unreliably harvested IP address fails to allege any knowledge of or contribution to any infringing activity.

Based on the technological ease with which wholly innocent Defendants can be so easily falsely identified—for example when the neighbor, unbeknownst to anyone, illegally executing a BitTorrent protocol through a putative Defendant's wireless signal, or perhaps a person simply accessing through increasingly popular free public "Wi-Fi"—coupled with the devastating effect such a false accusation could have, Plaintiff's allegations fail to provide sufficient accuracy, nor a volitional act associated to an account holder sufficient to support its claim. Thus, the Order granting leave to serve third party subpoenas should be vacated and the subpoena should be quashed.

3. **Request That Subpoena Should Be Quashed For Protection From Unreasonable Annoyance, Embarrassment and Oppression**

The Order granting leave to serve third-party subpoenas should be vacated and the subpoena quashed to prevent suffering unwanted annoyance, embarrassment, and oppression, or otherwise, suffering an undue burden. *See* FED. R. CIV. P. 45(c)(3)(A)(iv). Here, Plaintiff, as part of its for-profit business model, seeks confidential personal identifying information from ISP so that Plaintiff can cause annoyance and embarrassment, and coerce a quick and profitable settlement under the threat of public outing of illegally downloading pornography—despite evidence calling into question whether I ever engaged in such acts.

Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and oppression that would result if my personal identifying information were associated, without sufficient evidentiary support, of illegally downloading pornography. Such association would be highly embarrassing, unjustifiably stigmatizing, injurious of character and reputation, and potentially jeopardizing to my employment. Moreover, even after I would be able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will still persist. However, by vacating its Order granting Plaintiff leave to serve third-party subpoena and by quashing the Plaintiff's subpoena, the Court can prevent my being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography. Under these circumstances, I respectfully quest that the Order should be vacated and the subpoena should be quashed.

13

## III. CONCLUSION

Plaintiff has demonstrated that it is far more interested in obtaining the Defendants' contact information to use in extracting large settlements than the formalities of the legal process and privacy interest for the affected individuals. For the above stated reasons, John Doe hereby respectfully requests that this Court dismiss the subpoena requiring the ISP provide the subscriber information for all John Doe defendants. In addition, John Doe respectfully request the court sever Doe defendants 2-9 from this case, as there is no evidence to show that ALL the Doe defendants acted together and thus they are incorrectly joined together. *See* Fed. R. Civ. P. 21.

Dated: 8/15/2012                                    Respectfully submitted,

                                                    John Doe
                                                    *Pro se*
                                                    *(ddragon29@hotmail.com)*

CERTIFICATE OF SERVICE

I hereby certify that on 8/15/2012, I served a copy of the foregoing document, via US Mail, on:

Paul J. Nicoletti, Esq.

Nicoletti & Associates, PLLC

36880 Woodward Ave, Suite 100

Bloomfield Hills, MI 48304

Dated: 8/15/2012                                    Respectfully submitted,

                                                    John Doe No. 4
                                                    *Pro se*
                                                    *(ddragon29@hotmail.com)*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
Hon. Byron G. Cudmore United States Magistrate Judge, 124 U.S. Courthouse
600 E. Monroe Street
Springfield, IL 62701


Paul J. Nicoletti Esq.
Nicoletti & Associates, LLC36880
Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304